April, 1810.

COBB
v.
HAYDOCK.

*A.* and *B.*
gave a joint
promissory
note payable
to *C.* or or-
der; and soon
afterwards, *C.*
gave a note
for a smaller
sum to *A.* on-
ly. While both
notes remain-
ed unpaid, *C.*
assigned the
first mention-
ed note *to D.*
who had no
notice of *C.'s*
indebtedness
to *A.* Part of
the amount of
the note as-
signed was
applied in pay-
ment of a pre-
cedent debt
from *C.* to *D.*
and for the
residue goods
were taken up
by *C.* at the
time. *B.* was
present at this
transaction,
assented to
the assign-
ment, and
said the note
was good and
would be paid.
Afterwards *B.*
became insol-
vent, and *D.*
brought a suit
on the note in
the name of
*C.* and recov-
ered judgment
against *A.* for
the whole a-
mount. *C.* al
so being insol-
vent, *A.* brought a bill in chancery for a set-off of *C.'s* note to him against such judg-
ment. The court held that *A.* was not entitled to a set-off either in equity or at com-
mon law, and dismissed the bill with costs.

JEDUTHAN COBB *against* HENRY HAYDOCK and SON.

THIS was a bill in chancery praying for a set-off.

The case, as it appeared from the bill and answer, was as follows: The respondents recovered judgment, be-fore this court, at this term, against the complainant in a suit in the name of *Stephen Howard*, brought on a pro-missory note for 1,016 dollars and 68 cents, executed by the complainant and *Ashbel Stanley*, dated the 24th of *February*, 1796, payable to *Howard* on the 1st of *October* following, with interest after six months. On the 22d of *December*, 1795, the respondents sold goods to *How-ard* to the amount of 371*l*. 9*s*. 10*d*. *New-York* currency, on credit; and on the 26th of *April* following, they re-ceived from him said note in payment, it being agreed that the surplus should be paid in goods at that time, which were accordingly delivered. *Stanley* was present at this transaction. One of the respondents asked him if the note was good, and would be paid; to which he answered in the affirmative, observing that he was as willing to pay it to them as to any one. Soon after the assignment of the note, the respondents directed their clerk to give notice to the complainant, which they believed was done without delay. The complainant, however, denied having received notice of the assignment until *October*, 1796.

On the 24th of *March*, 1796, *Howard* being justly in-debted to the complainant in the sum of 100*l*. lawful money of *Connecticut*, to secure the payment thereof gave his promissory note for that amount, payable to the complainant, on demand, with interest after 14 months. On the 1st of *April*, 1796, *Howard* became insolvent,

and absconded, having never paid any part of this note; *Stanley* is a certificated bankrupt; and the complainant has no remedy at law that will be available.

The respondents, at the time they received the note first mentioned, had no knowledge of *Howard's* indebtedness to the complainant, or that he had ever given him a note as above stated. They avowed their intention to sue out execution on the judgment against the complainant.

The bill therefore prayed the court, as a court of chancery, to decree that said sum of 100*l*. and interest may be set off and applied in part satisfaction of said judgment, and to grant an injunction for a stay of proceedings.

*J. T. Peters*, for the complainant, contended, that the court ought to decree a set-off in this case, on the principle that an assignee takes a note subject to the same equity to which it was subject in the hands of the assignor. *Haydock & Son* had no more right here than *Howard* would have had if he had retained the note. In that case, there could not have been a question as to the complainant's right of set-off. The case of *Mitchell* v. *Oldfield*, 4 *Term Rep.* 123. was cited.

*Daggett*, for the respondents, said, that a note executed in *Connecticut*, and negotiated in *New-York*, might, in the state of *New-York*, be sued in the name of the assignee. *Lodge* v. *Phelps*, 1 *Johns. Cas.* 139.

*Stanley* told *Haydock & Son*, at the time of the assignment, that the note was due, and he was willing to pay it. The declarations of *Stanley* are to be imputed to *Cobb*. The acknowledgment of one copartner saves a debt out of the statute of limitations. *Whitcombe* v. *Whiting*, *Doug.* 652.

Set-offs are made only in case of mutual debts *between the same parties*. This is true in chancery as well as at law. *Ex parte Ockenden*, 1 *Atk.* 237.

April, 1810.

THE U. S.
v.
ALLEN.

If I have a note against *B.* and afterwards execute a note payable to him or order, that he may sell it and raise money, and yet neglect to deduct my own note against him, it is more equitable for me to pay the note thus sold, than for the assignee to lose it.

LIVINGSTON, J. delivered the opinion of the court. In deciding this cause we shall have no reference to the case of *Lodge* v. *Phelps.* Who has the greatest equity to this money, *Cobb* or *Haydock & Son?* The note in question is a joint note against *Cobb* and *Stanley.* Before receiving an assignment, *Haydock & Son* consult *Stanley,* and are assured that the note will be paid. *Haydock & Son* then sell their goods on the specific security of this note. *Cobb* stands in a different situation. He trusted to the personal security of *Howard.* The equity of the case is most clearly in favour of *Haydock & Son.* But if this case were to be decided at common law, the result would be the same. Here is a joint note against *Cobb* and *Stanley. Howard's* note to *Cobb* alone could not have been set off at law against the note of *Cobb* and *Stanley* to him, if no assignment had been made. The note of *Howard* is not reduced to judgment; and therefore the case of *Mitchell* v. *Oldfield* does not apply.

Bill dismissed with costs.